UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KEITH HOUSTON,**               CASE NO.:

    **Plaintiff,**

v.

**22MODS4ALL, INC.,**

    **Defendant.**                    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEITH HOUSTON, by and through the undersigned attorney, sues the Defendants, 22MODS4ALL, INC., a Florida Profit Corporation, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff was an employee who worked for Defendant within the last three years in Seminole County, Florida.

3. Plaintiff worked for Defendant from around August 2018 to September 2020 as an hourly paid employee at an hourly rate of $17.00 per hour.

4. Plaintiff worked for Defendant as a lead builder.

1

5. At all times material to this cause of action, Defendant was an enterprise subject to the FLSA.

6. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

7. Defendant is a Florida Profit Corporation that operates and conducts business in Seminole County, Florida and is therefore, within the jurisdiction of this Court.

8. Defendant operates as a weapon manufacturing business in Longwood, Florida.

9. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

11. During Plaintiff's employment, Defendant earned more than $500,000.00 per year in gross sales.

12. During Plaintiff's employment, Defendant employed approximately fifteen (15) employees and paid these employees plus earned a profit from their business.

13. During Plaintiff's employment, Defendant employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to telephones, computers, weapons parts, and other tools/materials used to run the business.

14. Therefore, at all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## Overtime Violations

15. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff performed services for Defendant for which he was not paid proper overtime wages for all overtime hours worked.

16. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

17. During his employment with Defendant, Plaintiff routinely worked overtime hours.

18. Defendants paid Plaintiff his regularly hour rate for the first forty (40) hours in each week. For all hours over forty in each week, Plaintiff was paid in cash at his straight-time hourly rate.

19. In addition, Plaintiff performed work "off-the-clock" for which he did not receive any compensation, including but not limited to, mandatory weekly lunch meetings.

20. Plaintiff is entitled to his regular rate of pay plus the half-time premium for all hours worked in excess of forty (40) per week.

21. Based upon the above policies, Defendant has violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

22. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

23. Plaintiff incorporates and re-alleges paragraphs one (1) through twenty-three (22) above.

24. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

25. During his employment with Defendant, Plaintiff was not paid for all time worked as described above which resulted in Plaintiff not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

26. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

27. Defendant did not have a good faith basis for its failure to pay Plaintiff proper overtime compensation for each hour worked in excess of forty (40) per work week.

28. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

29. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KEITH HOUSTON, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 10th day of February, 2021.

>	**/s/ JOLIE N. PAVLOS**
>	Jolie N. Pavlos, Esq.
>	FBN 0125571
>	Morgan & Morgan, P.A.
>	20 N. Orange Avenue, Suite 1600
>	Orlando, FL 32801
>	Telephone: (407) 245-3517
>	Facsimile:  (407) 204-2206
>	Email: JPavlos@forthepeople.com
>	*Attorneys for Plaintiff*